NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1235

L.P.

vs.

C.R.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the extension of an abuse prevention order issued pursuant to G. L. c. 209A, on the ground that the statute infringes his right to "protect[] property" under art. 1 of the Massachusetts Declaration of Rights, as amended by art. 106 of the Amendments to the Massachusetts Constitution (art. 106).[1]  We affirm.

Background.  The plaintiff resided in one building of a multibuilding property with several other residents, including her landlord, the defendant.  On May 24, 2024, the plaintiff obtained an ex parte abuse prevention order (order).  The

_____

[1] The notice of appeal also includes the denial of the defendant's motion to vacate the order.  However, his brief devotes no specific argument to this motion.

affidavit that she submitted in support of her complaint alleged that, among other things, the defendant entered her room, screamed at her, and grabbed her roughly by the arms to remove her, leaving red marks. The order prohibited the defendant from abusing the plaintiff and required him to stay away from her residence.

At the hearing after notice, the defendant acknowledged that he "put [his] hands on" the plaintiff. He explained that the plaintiff was in another tenant's room and that he had "both the right and responsibility, as the landlord, to remove [the plaintiff] from other people's private spaces in the house that we share." The judge found that the uncontested fact that the defendant "place[d] [his] hands on" the plaintiff and physically removed her was a basis to enter the order. The judge extended the order for one year and modified it to limit the "stay away" provision, so the defendant could access the other buildings on the property, and to allow written communication regarding the plaintiff's tenancy. The judge also suggested to the defendant that he had appropriate remedies available to deal with the plaintiff's tenancy, such as "housing court or an eviction process."

2

Discussion.  The defendant contends that the entry[2] and extension of the order violated what he characterizes as his right to "physically defend [his] real property" under art. 106 and argues that G. L. c. 209A is unconstitutional as applied to him.[3]  We disagree.

As an initial matter, the defendant argued below only that as the landlord he had a right to physically remove the plaintiff.  On the record before us, the defendant did not cite the Massachusetts Declaration of Rights or raise any other constitutional argument, either at the hearing or through a motion for reconsideration.  Where the argument was not adequately raised below, it is waived.  See Sugarman v. Board of Registration in Med., 422 Mass. 338, 347 (1996).  We briefly address it regardless.

"We review a challenge to the constitutionality of a statute de novo" (citation omitted).  Commonwealth v. Dufresne, 489 Mass. 195, 200 (2022).  "We begin with a presumption of

---

[2] The initial ex parte abuse prevention order is moot and not subject to appellate review because it was extended at the hearing after notice.  See Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 661 (2020).

[3] In his reply brief, the defendant waived the argument, raised in his initial brief, that the judge's findings were insufficient to issue an abuse prevention order under G. L. c. 209A.

statutory validity" (citation and quotation omitted).  Id.
Assuming without deciding that strict scrutiny applies, a
c. 209A order "must be narrowly tailored to a compelling
government interest, and be the least restrictive means
available to vindicate that interest" (quotations and citations
omitted).  Commonwealth v. A.Z., 493 Mass. 427, 432 (2024).  The
Commonwealth has a compelling interest in curtailing household
violence, and c. 209A, which "create[s] a safe haven . . . ,
leaving fewer opportunities for abusive contact" (citation
omitted), Commonwealth v. Carino, 104 Mass. App. Ct. 578, 582
(2024),[4] is narrowly tailored to that "protective purpose," id.
See Commonwealth v. Gordon, 407 Mass. 340, 347 (1990) (stay away
and no abuse provisions were "eminently reasonable, in that they
both serve directly to support the statute's primary goal of
abuse prevention").  Here, where the defendant entered the room
without permission and used physical force to try to remove the
plaintiff, and where the abuse prevention order did not deprive
the defendant of available legal mechanisms to possess and
protect his property, we conclude that the order was a narrowly

---

[4] The Supreme Judicial Court granted further appellate
review on a different issue.  See 495 Mass. 1106 (2025).

tailored mechanism to serve the compelling government interest of protecting the plaintiff from abuse.

<u>Order extending and modifying abuse prevention order affirmed</u>.

<u>Order denying motion to vacate order affirmed</u>.

By the Court (Massing, Sacks & Allen, JJ.[5]),

Clerk

Entered: December 4, 2025.

---

[5] The panelists are listed in order of seniority.